COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


JADEEN LOWERY AND SUSAN LOWERY

MEMORANDUM OPINION[*]
v.    Record No. 0661-98-3                              PER CURIAM
                                                   SEPTEMBER 29, 1998
HARRISONBURG-ROCKINGHAM SOCIAL
 SERVICES DISTRICT


FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
John J. McGrath, Jr., Judge

(Roland M. L. Santos; Jeffrey F. Bradley; on
brief), for appellants.

(L. Quinn Kaylor; Christel L. Lewis; Lewis,
Ruple, Hart & Temeles, on brief), for
appellee.


     Jadeen Lowery (father) and Susan Lowery (mother) appeal the

decision of the circuit court terminating their residual parental

rights.  The Harrisonburg-Rockingham Social Services District

(District) filed an action to terminate father's and mother's

parental rights under Code § 16.1-283.  On appeal, the parents

contend that the District failed to present clear and convincing

evidence sufficient to support the termination under Code

§ 16.1-283(C).  Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

 See Rule 5A:27.

     "When addressing matters concerning a child, including the

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

termination of a parent's residual parental rights, the paramount consideration of a trial court is the child's best interests." Logan v. Fairfax County Dep't of Human Development, 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

> "In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests." The trial court's judgment, "when based on evidence heard ore tenus, will not be disturbed on appeal unless plainly wrong or without evidence to support it."

Id. (citations omitted).

Code § 16.1-283(C) provides that the residual parental rights of a child placed in foster care may be terminated if the trial court finds it is in the best interests of the child and, in pertinent part,

> [t]he parent or parents, without good cause, have been unwilling or unable within a reasonable period not to exceed twelve months to remedy substantially the conditions which led to the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

Code § 16.1-283(C)(2). Proof that the parents, without good cause, failed or were unable to make reasonable progress towards the elimination of the conditions which led to the child's foster care placement in accordance with their obligations under a jointly designed foster care plan is prima facie evidence of the conditions set forth in Code § 16.1-283(C)(2). See Code § 16.1-283(C)(3)(b).

The child, born in 1989, is a special needs child identified as congenitally emotionally disturbed. He has speech, learning, and behavior problems and exhibits behavior which places him and others at risk of injury. Evidence at the hearing indicated that the child "cannot live in the foster care or attend regular school without some medication, otherwise, he will need institutional care." He was placed in foster care after setting a fire which destroyed the apartment building in which the family lived. The District placed the child in foster care placement due to the family's inadequate housing and out of concern that the parents were unable to adequately supervise the child.

At the time of trial, inadequate housing was no longer an issue. The District sought to terminate the parental rights on the ground that neither mother nor father was able to provide adequate supervision, a situation complicated by the child's special needs.

The trial court found that the parents failed, without good cause, to remedy substantially the conditions which led to the child's foster care placement within a reasonable period of time despite the District's provision of services. The trial court also found that termination of the parties' parental rights was in the child's best interests.

On appeal, mother and father contend that the evidence did not demonstrate that they failed to comply with their obligations under the foster care service plan. Both attended some parenting

classes. They argue that the District failed to present evidence of any instances of inadequate supervision on their part during the relevant time period.

The District established that neither parent successfully complied with the requirements set out in the foster care service plans. Father was hostile and threatening to those who tried to assist him and his son. The trial court found father in contempt of court for threats made during the course of the proceedings. While mother was not as hostile as father, she also was unwilling or unable to work with the District and the other professionals in order to address the issues relevant to her son's special needs. The evidence established that their son required someone who could work well with the myriad of service providers he needed. Neither mother nor father demonstrated that they recognized or understood the extent of services needed by their child. Expert testimony indicated that both parents would have difficulty dealing with the special needs of their child due to numerous problems each of them presented as documented in the record of the case.

Credible evidence supports the trial court's findings that neither parent had remedied substantially the conditions which led to the foster care placement, despite the efforts of rehabilitative agencies, and that it was in the best interests of the child to terminate the parental rights of father and mother.

Accordingly, the decision of the circuit court is summarily

affirmed.

Affirmed.